34 F.3d 1065
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Jerry William WEBER, Plaintiff, Appellant,
v.
Martin A. MAGNUSSON, Defendant, Appellee.
 No. 94-1363
 United States Court of Appeals,
First Circuit.
 September 2, 1994
 
 Appeal from the United States District Court for the District of Maine [Hon. Eugene W. Beaulieu, U.S. Magistrate Judge ]
 Jerry William Weber on brief pro se.
 Michael E. Carpenter, Attorney General, and Diane Sleek, Assistant Attorney General, on brief for appellee.
 D.Me.
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff-appellant Jerry William Weber, a Maine inmate, filed a pro se complaint in the district court, pursuant to 42 U.S.C. Sec. 1983, against Martin A. Magnusson, the warden of the Maine State Prison. The complaint alleges violations of Weber's right to free speech under the First Amendment and to equal protection under the Fourteenth Amendment. Appellee Magnusson filed a motion for summary judgment with respect to both claims. On March 16, 1994, a magistrate judge ("magistrate") granted appellee's motion in its entirety. This appeal followed.
 
 
 2
 We have reviewed the briefs of the parties and the record on appeal. We affirm the grant of summary judgment in favor of appellee on the free speech claim for essentially the reasons stated by the magistrate. We also affirm the grant of summary judgment in favor of appellee on the equal protection claim. Based on the undisputed facts, we think it is plain that the challenged regulation is reasonably related to a legitimate penal interest. Moreover, to the extent that Weber's affidavit and documentary evidence raise an issue whether child molesters as a group are being treated differently from murderers by prison officials, they also demonstrate that the explanation for this difference in treatment is rational and reasonably related to Maine's proper interest in protecting the security of inmates. Under the circumstances, appellee is entitled to judgment on the equal protection claim as a matter of law. See O'Bar v. Pinion, 953 F.2d 74, 81 (4th Cir. 1991) (observing that "[t]he state may apply the law differently based on distinctive factual circumstances if the distinction is rationally related to a legitimate governmental purpose").
 
 
 3
 Affirmed.